# Order

Michigan Supreme Court
Lansing, Michigan

November 1, 2019

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

157930

*In re* THERESA M. BRENNAN, JUDGE
53rd DISTRICT COURT

SC: 157930
JTC Formal Complaint No. 99

BEFORE THE JUDICIAL TENURE COMMISSION

_____/

On order of the Court, the Judicial Tenure Commission's Bill of Costs is considered, and the respondent, Theresa M. Brennan, is ordered to pay costs of $16,500.00 to the Commission.

CAVANAGH, J. (*dissenting*).

I respectfully dissent. I disagree with the Judicial Tenure Commission's position that the costs, fees, and expenses requested by the Commission and imposed by the majority under MCR 9.202(B)[1] are not a sanction. I believe they are, and I do not believe that this Court possesses the authority to impose sanctions beyond those specified in Const 1963, art 6, § 30(2). In light of the fact that a majority of this Court rejected this position when it adopted the amendment of MCR 9.202(B) in 2005 and, more importantly, given that respondent here has not challenged the constitutionality of this sanction, I agree with the majority that the costs, fees, and expenses requested by the Commission should be imposed under MCR 9.202(B). I disagree, however, with the Court's decision to impose less than the amount requested and substantiated by the Commission. While it is unclear from the language of MCR 9.202(B) whether the costs, fees, and expenses imposed must be directly attributable to fraudulent, deceitful, and intentionally misrepresentative conduct, I am persuaded by the Commission that even if that were the case, respondent's deceitful conduct permeated all aspects of the proceedings and further apportionment cannot be more narrowly tailored based on the record in this case. Given this conclusion, and because respondent offers no factual or legal basis for rejecting any of the requested costs, fees, and expenses or for otherwise reducing the amount requested, I would impose the full amount requested by the Commission.

_____

[1] Prior to September 1, 2019, this provision was located in MCR 9.205(B).

## I. CONSTITUTIONAL AUTHORITY

In 2005, the Court amended then-MCR 9.205 to include the following:

> In addition to any other sanction imposed, a judge may be ordered to pay the costs, fees, and expenses incurred by the commission in prosecuting the complaint only if the judge engaged in conduct involving fraud, deceit, or intentional misrepresentation, or if the judge made misleading statements to the commission, the commission's investigators, the master, or the Supreme Court. [MCR 9.202(B).]

The constitutionality of this amendment was contested from its inception. Justice WEAVER authored a dissent,[2] arguing that the amendment was unconstitutional, and Justice CORRIGAN authored a concurrence,[3] arguing the opposite. I write today because I question the propriety of this amendment to the court rule.

The Michigan Constitution provides:

> On recommendation of the judicial tenure commission, *the supreme court may censure, suspend with or without salary, retire or remove a judge* for conviction of a felony, physical or mental disability which prevents the performance of judicial duties, misconduct in office, persistent failure to perform his duties, habitual intemperance or conduct that is clearly prejudicial to the administration of justice. The supreme court shall make rules implementing this section and providing for confidentiality and privilege of proceedings. [Const 1963, art 6, § 30(2) (emphasis added).]

The Constitution, therefore, contemplates four specific types of discipline: (1) censure, (2) suspension (with or without pay), (3) retirement, or (4) removal. That the Constitution provides for only these four types of discipline suggests the exclusion of all others under the well-known doctrine of *expressio unius est exclusio alterius*. See *Pittsfield Charter Twp v Washtenaw Co*, 468 Mich 702, 712 (2003) ("[T]he expression of one thing suggests the exclusion of all others . . . .").

The imposition of costs provided for in MCR 9.202(B) goes beyond the discipline contemplated in our Constitution and authorizes this Court to impose an additional form of punishment on a respondent who has engaged in certain types of dishonest conduct. Imposing costs is plainly not a censure, suspension, compelled retirement, or removal. And the fact that MCR 9.202(B) provides that costs may be imposed "[i]n addition to any

---

[2] MCR 9.205, 474 Mich ccli (2005) (WEAVER, J., dissenting). Justice M. F. CAVANAGH also dissented from the decision to adopt the amendment, but he did not provide an explanation for his dissent. See *id*. (CAVANAGH, J., dissenting).

[3] *Id*. at ccxlix (CORRIGAN, J., concurring).

other sanction" strongly suggests that the costs themselves are *a type of*, or "another," sanction. The only contrary assertion offered by the Commission is that the assessment of costs is not a sanction, but "simply a recognition that there is an actual expense to the taxpayers of the State of Michigan to prosecute ethical violations involving deceit perpetrated by a respondent judge." While this observation is undoubtedly true, I fail to see how it justifies an expansion of this Court's constitutional authority.

I am also not persuaded that, whether or not the costs, fees, and expenses are a "sanction," they are legitimately imposed by way of this Court's authority to make rules "implementing" Const 1963, art 6, § 30 under Subsection (2) of that provision. Expanding the forms of discipline beyond that envisioned by that section of the Constitution is not simply "implementing" that section. Furthermore, I would not conclude that the Court's general power to "establish, modify, amend and simplify the practice and procedure in all courts of this state," Const 1963, art 6, § 5, overrides the specific instruction in § 30(2) to "implement[]" the section.

These observations aside, I recognize that a majority of this Court deemed the court rule amendment constitutional when it was adopted in 2005. Moreover, respondent does not present an argument to the contrary. In fact, in respondent's briefing she specifically indicated agreement with Justice CORRIGAN'S position that the amendment of MCR 9.202 was a legitimate exercise of this Court's constitutional authority. Accordingly, although I feel compelled to raise these concerns, I recognize that the Court need not address this argument in this matter.

## II. APPORTIONMENT OF COSTS

Assuming the Court has the constitutional authority to impose costs, fees, and expenses incurred in prosecuting the complaint, I do not believe that it is clear, from the language of MCR 9.202(B), whether those costs, fees, and expenses are required to be directly apportioned to costs attributable to the fraudulent, deceitful, and intentionally misrepresentative conduct of the respondent and, if so, how that apportionment should be made in a particular case.[4] Since the court rule's amendment, this Court has yet to offer meaningful guidance on how to properly apportion costs, fees, and expenses under MCR 9.202(B). The majority's decision in this case continues this practice. I believe that the

---

[4] It can be argued that, because the costs are only triggered by fraud, deceit, and intentional misrepresentation, they should be directly tied to the conduct that prompted their assessment. Indeed, in her statement concurring in the decision to adopt the amendment of MCR 9.202(B), Justice CORRIGAN stated that, rather than authorizing an additional form of discipline, "assessing costs in a [Judicial Tenure Commission (JTC)] proceeding provides a procedural mechanism to protect governmental resources, especially when a JTC investigation requires the expenditure of additional resources *because of a judge's acts of misrepresentation*." MCR 9.205, 474 Mich at ccl (CORRIGAN, J., concurring) (emphasis added).

Commission and respondents alike deserve such guidance from this Court. At a minimum, I would hold that any costs imposed because of a respondent's deceitful conduct must be (a) incurred postcomplaint, and (b) actually incurred by the Commission. This rule is supported by the clear language of court rule, which indicates that costs based on a respondent's deceitful conduct must be incurred by the Commission in prosecuting the complaint.

While I recognize that the above provides only minimum guidance, this case provides a poor vehicle for outlining any further guidance on how to apportion costs, given the fact that respondent's deceit and intentional misrepresentation ran throughout the prosecution of the multicount complaint in this case. Here, the Commission persuasively argues that costs, fees, and expenses incurred as a result of respondent's deceit throughout the entirety of the prosecution cannot be more narrowly apportioned because her deceitful conduct permeated all aspects of the proceedings. Therefore, it asks that the Court impose 100% of the costs requested. Respondent fails to offer any legitimate argument to the contrary and provides no legal or factual basis for this Court to reject the Commission's requested amount.[5] Accordingly, I would grant the Commission's request for the full amount of costs in the amount of $35,501.68.

---

[5] Respondent's arguments in dispute of the costs, fees, and expenses requested by the Commission rests on statutory schemes that are inapplicable. Respondent relies on the Revised Judicature Act (RJA), MCL 600.101 *et seq*., to argue that the Commission is not entitled to reimbursement for the master's services because a master is not a person listed in that statute whose fees can be taxed or awarded. However, the RJA pertains to what may be taxed as costs in the context of court proceedings, not judicial discipline proceedings. Furthermore, MCL 600.2405(2) specifically states that costs may be taxed for "[m]atters specially made taxable elsewhere in the statutes or rules." The costs imposed by MCR 9.202(B) fall into this category. Respondent makes similar arguments regarding the amount of expenses related to the master's compensation, MCL 600.226, and the cost of transcript fees prepared by court reporters, MCL 600.2543. Again, these statutory limitations are not applicable to judicial discipline proceedings. The compensation schedule for "retired judge[s] . . . perform[ing] judicial duties in any court in the state," MCL 600.226(1), is different from a master's fee for conducting an investigation on behalf of the Commission. Similarly, MCL 600.2543 specifically refers to "circuit court reporters," but this proceeding did not occur in a circuit court. Instead, the Commission used freelance court reporters whose fees are not set by statute. Finally, respondent argues that the cost of copies should be governed by the RJA, specifically MCL 600.2543 and MCL 600.2549. Beyond the fact that the RJA is inapplicable to the instant proceeding for the above stated reasons, the Commission's explanation regarding how electronically "converting" is different from "copying" is convincing.

## III. CONCLUSION

Operating under the assumption that imposition of fees, costs, and expenses under MCR 9.202(B) is within this Court's constitutional authority, I would impose 100% of the Commission's requested costs because respondent provides this Court with no factual or legal basis to question that $35,501.68 was in fact incurred by the Commission in prosecuting the complaint and was attributable to respondent's deceitful conduct. Because the Court imposes less than this amount, I respectfully dissent.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 1, 2019



Clerk

t1029